# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN LOLLIS, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01580-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE; DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION TO IMPEACH DEFENSE COUNSEL; AND DIRECTING CLERK OF THE COURT TO CLOSE THIS MATTER<br><br>(ECF Nos. 17, 21) |

John Duran ("Plaintiff") filed this action against John Lollis and the City of Porterville ("Defendants") alleging he has been deprived of his right to vote. Currently before the Court is Defendants' motion to dismiss and motion to strike.

## I.

## PROCEDURAL HISTORY

On November 16, 2018, Plaintiff filed this action alleging violation of the Federal Voting Rights Act of 1965; and denial of equal protection under the Fourteenth Amendment. (ECF No. 1.) The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 8, 9-6.) On January 7, 2019, Defendants filed a motion to dismiss and motion for summary judgment. (ECF No. 9.) On February 19, 2019, Defendants' motion to dismiss was granted and

1

the motion for summary judgment was denied. (ECF No. 14.)

Plaintiff filed a first amended complaint on March 14, 2019. (ECF No. 15.) On March 21, 2019, Plaintiff filed an affidavit in support of his request for declaratory relief. (ECF No. 16.) On March 29, 2019, Defendants filed a motion to dismiss the first amended complaint and motion to strike. (ECF No. 17.) On April 22, 2019, an order issued vacating the hearing on the motions for Plaintiff's failure to file a timely opposition and Plaintiff filed an untimely opposition to the motions.[1] (ECF Nos. 20, 21.)

## II.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff contends that before the Porterville City Counsel had a chance to review, Defendant John Lollis took it upon himself to notice that the public selection of a councilman would take place by appointment instead of holding an election. (First Am. Compl. ("FAC") 4,[2] ECF No. 15.) Prior to August 21, 2018, Defendant John Lollis and the City Attorney, Julia Lew, decided to appoint Milt Stowe to the City Council on August 21, 2018. (FAC at 4-5.) The City Council was never advised of their intent to appoint, and Mayor Pro Temp Brian Ward was surprised at the August 21, 2018 council meeting. (FAC 5.) Mayor Pro Temp Ward asked Julia Lew if appointment was the only option that the council had and asked about voter interest and write-in candidates. (FAC 5.) Lew responded that there were other options but that Defendant Lollis and Lew had chosen the appointment in lieu of election. (FAC 5.)

Plaintiff brings this action alleging violations of his fundamental right to vote, equal protection, and the Federal Voting Rights Act. Plaintiff seeks declaratory relief.

Plaintiff has also submitted a declaration in support of his request for declaratory relief. (ECF No. 16.) Defendant Lollis moved the city pursuant to section 10229 of the California Elections Code to appoint the city council seat that was open and set to be elected on the

---

[1] Although Plaintiff's declaration is untimely the Court will consider it as he is proceeding pro se. However, Plaintiff is advised that, even though he is proceeding pro se, he is expected to familiarize himself with and comply the federal and local rules and court orders. If such untimeliness arises in future cases, Plaintiff will need to meet the requisite standard to have an untimely filing considered.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

November 2018 ballot. Only one candidate filed qualified nomination papers and a declaration of candidacy for the available term. (Id. at 6.) Around August 13, 2018, Defendant Lollis made the decision to appoint the council seat and the recommendation was made to the City Council. On August 15, 2018, a public notice was published informing the electorate that there was only one candidate for the position and that pursuant to section 10229 of the Election Code the City Council would be meeting on August 21, 2018 to decide whether to appoint the individual to the open seat or hold an election. (Id. at 7.) On August 21, 2018, Milt Stowe, as the only individual who had filed a declaration of candidacy, was appointed to the position pursuant to section 10229 of the Election Code. (Id. at 8.)

## III.

## LEGAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696,

699 (9th Cir.1988)).

**B.    Motion to Strike**

Rule 12(f) provides that "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike pursuant to Rule 12(f) are generally regarded with disfavor and the remedy is to be used only "when necessary to discourage parties from raising allegations completely unrelated to the relevant claims and when the interests of justice so require." Sapiro v. Encompass Ins., 221 F.R.D. 513, 517 (N.D. Cal. 2004).

**IV.**

**DISCUSSION**

Defendants argue that Plaintiff does not have prudential standing to bring this Voting Rights Act or equal protection claim because he has not alleged that he or any voter was denied the right to vote on the basis of race but is alleging that all voters were denied the right to vote. For this same reasons, Defendants contend that Plaintiff has failed to state a claim under the Voting Rights Act or for an equal protection violation. Defendants state that Plaintiff has not alleged that a custom or policy exists to impose municipal liability. Defendants request that the request for declaratory relief be dismissed because Plaintiff has failed to state a claim. Finally, Defendants move to strike several "improper assertions" in the first amended complaint arguing that they fall within the category of immaterial, impertinent and scandalous material that can be stricken under Rule 12(b)(f).

Plaintiff filed an untimely opposition. Plaintiff asserts that in support of his complaint he has submitted a declaration asserting that Defendant Lollis conspired with the City Attorney to steal the election and deny voters their constitutional rights. In his opposition, Plaintiff also includes a motion to impeach defense counsel. Plaintiff states that defense counsel has demonstrated a combative and malicious attitude in her attempt to circumvent and stonewall the truth of his allegations. Plaintiff asserts that counsel has previously threatened to ask the court to impose sanctions upon him for defending his constitutional rights. Plaintiff contends that defense counsel demonstrates incompetence for failing to recognize that a pro se litigant's

4

complaint cannot be dismissed for failing to state a claim upon which relief can be granted. Finally, Plaintiff argues that defense counsel has not reached out to him in an attempt to settle the violation of his constitutional rights.

**A.   Standing**

The Court has previously found that Plaintiff had alleged sufficient facts to confer constitutional standing in this matter. (See Order Granting Defs.' Mot. To Dismiss Pl.'s Compl.; Denying Defs.' Mot. for S.. J.; Granting Pl. Leave to File an Am. Compl.; and Continuing Initial Scheduling Conference 5-10, ECF No. 14.) In the current motion Defendants challenge whether Plaintiff has prudential standing to bring the claims alleged.

Unlike constitutional standing, the prudential standing doctrine embodies "judicially self-imposed limits on the exercise of federal jurisdiction[.]" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004), abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125 (2014). Although the Supreme Court has not exhaustively defined the prudential dimensions of the standing doctrine, it has explained that prudential standing encompasses a general prohibition on a litigant raising another person's legal rights, a litigant is barred from adjudication of generalized grievances more appropriately addressed in the representative branches, a litigant's complaint must fall within the zone of interests protected by the law invoked, and the court should not decide matters of domestic relations. Elk Grove Unified Sch. Dist., 542 U.S. at 12-14. By the current motion, Defendants contend that Plaintiff does not fall within the zone of the interests of the law that he is invoking.

Since standing is an indispensable part of a plaintiff's case, each of the elements must be supported with the manner and degree of evidence that is required at the successive stages of litigation. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.' " Lujan, 504 U.S. at 561 (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990)). Plaintiff must establish standing as to each of his claims. Sanchez v. Cegavske, 214 F.Supp.3d 961, 971 (D. Nev. 2016) (citing Lewis v. Casey, 518 U.S. 343, 358,

1 n.6 (1996) and Blum v. Yaretsky, 457 U.S. 991, 999 (1982)).

A prudential concern of standing "is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." Warth v. Seldin, 422 U.S. 490, 500 (1975). "[P]rudential standing is satisfied when the injury asserted by a plaintiff 'arguably [falls] within the zone of interests to be protected or regulated by the statute . . . in question.' " Fed. Election Comm'n v. Akins ("Akins"), 524 U.S. 11, 20 (1998) (quoting National Credit Union Admin. v. First Nat. Bank & Trust Co., 522 U.S. 479, 488 (1998)).

Here, Plaintiff brings this action under "[t]he Voting Rights Act, [52 U.S.C. § 10301, which] forbids the imposition or application of any practice that would deny or abridge, on grounds of race or color, the right of any citizen to vote." Garza v. Cty. of Los Angeles, 918 F.2d 763, 765 (9th Cir. 1990). However, Plaintiff has not alleged that he was denied the right to vote in an election based on his race or color nor has he alleged any facts regarding his race or color. Therefore, as the Court has previously found, (see ECF No. 14 at 10), Plaintiff has failed to allege any facts to show that he would come within the zone of interests protected or regulated under the Voting Rights Act. Akins, 524 U.S. at 20. Plaintiff has again failed to plead any facts to demonstrate that he has standing to bring a claim under the Voting Rights Act.

Plaintiff also brings a claim under the Equal Protection Clause of the Fourteenth Amendment which prohibits discrimination based on membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or intentionally treating similarly situated individuals differently with no rational basis for the difference in treatment, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005). However, Plaintiff has not alleged that he was a member of a protected class and contends that that he was treated similarly to all other individuals who were denied the right to cast a vote for the representative of their choice. (FAC 3-4.) Plaintiff has not alleged facts to demonstrate that he has standing to bring an equal protection claim.

Despite previously being advised of the standards that would apply to his claims, Plaintiff has failed allege facts to demonstrate that he has standing to raise a Voting Rights Act or equal

protection claim in this action and Plaintiff lacks prudential standing to bring the claims alleged. Accordingly, Defendants' motion to dismiss the complaint without leave to amend on that basis is granted.

### B. Failure to State a Claim

In his opposition to the current motions, Plaintiff asserts that he has submitted a declaration stating,

> Plaintiff has submitted an Affidavit and asserted under the penalty of perjury before the court that it is fact true that Defendant John Lollis, conspired with the City Attorney Julia Lew to steal the Election of November 2016 by failing to adequately notice or effectively inform 3904 registered voters of the Second District that the Defendant John Lollis, the City of Porterville and the City Attorney were in fact going to deny and deprived the voters of the Second District of their constitutional right to elect a representative of the peoples' choice as written and guaranteed under Federal and State Elections Laws and by circumventing the mandates of the United States and the State of California Constitutions. The Defendant/s act was deliberate, intentional and acted upon with elements of criminal intent. In the nature of their criminal behavior the Defendant John Lollis, City Attorney and the City of Porterville directly deprived and violated the Plaintiffs' right to seek office and violated the Plaintiffs' constitutional right to vote in a free and fair election.

(ECF No. 21 at 2-3 (errors in original).) Plaintiff appears to be asserting that since he made these statements under penalty of perjury, the Court cannot dismiss his complaint for failure to state a claim.

The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal ("Iqbal"), 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly ("Twombly"), 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The allegations that Plaintiff refers to in his opposition are mere conclusory allegations, legal conclusions, or the bare recital of the elements of a cause of action that are not entitled to a

7

presumption of truth. The Court shall consider the factual allegations in the complaint regarding the remaining claims alleged to determine if they are sufficient to state a cognizable claim.

1. <u>Constitutional Right to Vote</u>

Liberally construed, Plaintiff's complaint alleges that the defendants abridged his right to vote under the United States Constitution because they appointed a councilman rather than holding an election for the open council position. Plaintiff contends that he was entitled to the protections of due process and his constitutional rights at common law and argues that the state cannot infringe on the rights granted by the Constitution.

"It is beyond cavil that 'voting is of the most fundamental significance under our constitutional structure.' " <u>Burdick v. Takushi</u>, 504 U.S. 428, 433 (1992) (quoting <u>Illinois Bd. of Elections v. Socialist Workers Party</u>, 440 U.S. 173, 184 (1979); <u>see also</u> <u>Reynolds v. Sims</u>, 377 U.S. 533, 554 (1964) ("Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections.") However, it does not follow that "the right to vote in any manner and the right to associate for political purposes through the ballot are absolute." <u>Burdick</u>, 504 U.S. at 433 (quoting <u>Munro v. Socialist Workers Party</u>, 479 U.S. 189, 193 (1986)). Election law will invariably impose some burden upon individual voters and there must be substantial regulation of elections if they are to be fair and honest and to have some sort of order in the democratic process. <u>Burdick</u>, 504 U.S. at 433.

"Common sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections." <u>Dudum v. Arntz</u>, 640 F.3d 1098, 1103 (9th Cir. 2011) (quoting <u>Burdick</u>, 504 U.S. at 433). "The Supreme Court has long held that the structure of a state's internal democratic processes is a 'political question' beyond the ken of judicial review." <u>Bennett v. Yoshina</u>, 140 F.3d 1218, 1225 (9th Cir. 1998), as amended on denial of reh'g and reh'g en banc (June 23, 1998) (quoting <u>Baker v. Carr</u>, 369 U.S. 186, 218–226 (citing cases)). "Although federal courts may invalidate state election laws that deny some voters equal protection of the law, unduly burden free speech, or violate a federal statute, we must normally defer to the states' regulatory interests when these federal rights are not implicated." <u>Bennett</u>, 140 F.3d at 1225 (internal citations omitted).

1    The Ninth Circuit has held that an election is a denial of substantive due process where it is conducted in a manner that is fundamentally unfair. Bennett, 140 F.3d at 1226. However, garden variety election irregularities do not violate the Due Process Clause even if they control the outcome of an election. Id. In considering voting cases, the Ninth Circuit has held that "[m]ere fraud or mistake will not render an election invalid. However, a court will strike down an election on substantive due process grounds if two elements are present: (1) likely reliance by voters on an established election procedure and/or official pronouncements about what the procedure will be in the coming election; and (2) significant disenfranchisement that results from a change in the election procedures. Id. at 1226–27.

"Election law, as it pertains to state and local elections, is for the most part a preserve that lies within the exclusive competence of the state courts." Nolles v. State Comm. for Reorganization of Sch. Districts, 524 F.3d 892, 898 (8th Cir. 2008) (quoting Bonas v. Town of N. Smithfield, 265 F.3d 69, 74 (1st Cir.2001). The United States Constitution does not explicitly express a right to vote in state elections, but the state cannot impose procedures that would be inconsistent with the Fourteenth Amendment. Patterson v. Burns, 327 F.Supp.745, 749 (D. Haw. 1971). Courts hold that "voters can challenge a state election procedure in federal court only in limited circumstances, such as when the complained of conduct discriminates against a discrete group of voters, when election officials refuse to hold an election though required by state law, resulting in a complete disenfranchisement, or when the willful and illegal conduct of election officials results in fraudulently obtained or fundamentally unfair voting results. Nolles, 524 F.3d at 898–99 (internal citations omitted).

"Federal court intervention into the state's conduct of elections for reasons other than racial discrimination has tended, for the most part, to be limited to striking down state laws or rules of general application which improperly restrict or constrict the franchise." Griffin v. Burns, 570 F.2d 1065, 1076 (1st Cir. 1978). Only "wilful conduct which undermines the organic processes by which candidates are elected" will give rise to a constitutional claim under section 1983. Id. at 1077 (quoting Hennings v. Grafton, 523 F.2d 861 (7th Cir. 1975)). While "local election irregularities, including even claims of official misconduct, do not usually rise to the

level of constitutional violations where adequate state corrective procedures exist, there remain some cases where a federal role is appropriate." Griffin, 570 F.2d at 1077. Where "the election process itself reaches the point of patent and fundamental unfairness, a violation of the due process clause may be indicated and relief under [section] 1983 therefore in order." Id.

Plaintiff has previously asserted that he is not challenging California's election procedures. (ECF No. 14 at 18-19.) Section 10229 of the Elections Code provides that where no one or only one person has been nominated for an office that is elected on a citywide basis,

> the city elections official shall submit a certificate of these facts to the governing body of the city and inform the governing body of the city that it may, at a regular or special meeting held before the municipal election, adopt one of the following courses of action:
> (1) Appoint to the office the person who has been nominated.
> (2) Appoint to the office an eligible elector if no one has been nominated.
> (3) Hold the election, if either no one or only one person has been nominated. . . .

Cal. Elec. Code § 10229(a).

Here, Plaintiff challenges the failure to hold an election as a violation of his constitutional right to vote, however, Plaintiff has failed to demonstrate that the appointment of Mr. Stowe violated equal protection of the law, unduly burdened free speech, or violated a federal statute. Bennett, 140 F.3d at 1225; see Rodriguez v. Popular Democratic Party, 457 U.S. 1, 12, 102 S. Ct. 2194, 2201, 72 L. Ed. 2d 628 (1982) (The Constitution does not preclude filling legislative vacancies by appointment and it is a "practical and widely accepted means of addressing an infrequent problem); Patterson, 327 F.Supp. at 752 ("Appointment to fill a legislative vacancy is a well-recognized practice in American law.").

Plaintiff has not alleged that the position was appointed without providing an opportunity for interested individuals to submit qualified nomination papers and a declaration of candidacy for the term, but asserts that only one applicant had submitted such paperwork. Pursuant to section 10229 of the Election Code, Defendant Lollis recommended to the City Counsel that the seat be filed by the only candidate to have filed candidacy forms. This is specifically the procedure authorized by section 10229.

Further, while Plaintiff states that the City Counsel was not aware of the recommendation prior to the Council Meeting, there is no requirement in section 10229 that the governing body

be aware of these facts prior to the meeting. See Cal. Elec. Code § 10229(a) (the city elections official shall submit a certificate of these facts to the governing body of the city and inform the governing body of the city that it may, at a regular or special meeting held before the municipal election, adopt one of the following courses of action.)

"[W]hen a state election law provision imposes only reasonable, nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the State's important regulatory interests are generally sufficient to justify the restrictions." Hussey v. City of Portland, 64 F.3d 1260, 1265 (9th Cir. 1995) (quoting Burdick, 504 U.S. at 434). Courts have "upheld generally applicable and even-handed restrictions that protect the integrity and reliability of the electoral process itself." Hussey, 64 F.3d at 1265 (quoting Anderson v. Celebrezze, 460 U.S. 780, 788 n.9 (1983). Specifically, in Burdick, the Supreme Court found reasonable a prohibition on write-in votes where it was relatively easy for candidates to appear on the ballot. Burdick, 504 U.S. at 441. Plaintiff has not alleged that he or any other candidate was denied the opportunity to submit a timely declaration of candidacy to run for office.

To the extent that Plaintiff seeks to allege a procedural due process claim by his allegations that the City failed to "fully notice" all registered voters, he has failed to state a claim. Section 10229(a)(3) provides that "[t]he city elections official shall publish a notice of the facts described in this section and the courses of action available under this subdivision. Publication shall be made pursuant to Section 6061 of the Government Code in any newspaper of general circulation as designated by the city elections official." Here, Plaintiff's complaint demonstrates that the City informed the voters by the public notice in the newspaper that a hearing would be held during which the council would be deciding whether to make an appointment or to hold an election due to only one individual having filed a declaration of candidacy. (ECF No. 16 at 7.) The City complied with the process due by section 10229(a)(3)).

The Court finds that Plaintiff has failed to plead facts to state a cognizable claim that his constitutional right to vote was violated by the appointment of Mr. Stowe to the city council seat.

### C. Conspiracy

While Plaintiff did not specifically plead a conspiracy claim in his first amended

11

complaint, the Court considers his allegation that a conspiracy existed between Defendant Lollis, the City Attorney, and the City of Porterville to deprive him of his right to vote.

To state a conspiracy claim under section 1983, a plaintiff must plead "(1) the existence of an express or implied agreement among the [defendants] to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010) (quoting Avalos v. Baca, 517 F.Supp.2d 1156, 1169 (C.D. Cal. 2007), and Ting v. United States, 927 F.2d 1504, 1512 (9th Cir.1991)). Further to prove a conspiracy claim the facts must show a meeting of the minds to violate to violate the plaintiff's constitutional rights. Miller v. California, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004); Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1301 (9th Cir. 1999); Woodrum v. Woodward Cty., Okl., 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, as discussed above, Plaintiff has failed to allege facts to show an actual deprivation of his federal or constitutional rights. Mere proof a conspiracy is insufficient to establish a conspiracy claim under section 1983. Avalos, 596 F.3d at 592 (citing Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir.1980)). Plaintiff's failure to state a claim for violation of his federal rights eviscerates his conspiracy claim under section 1983. Cassettari v. Nevada Cty., Cal., 824 F.2d 735, 739 (9th Cir. 1987). Plaintiff cannot state a conspiracy claim based upon the deprivation of his right to vote.

**D.    Motion to Strike**

Defendants contend that Plaintiff made several improper assertions in his first amended complaint that should be stricken from the record.

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citations omitted). Immaterial matter "has no essential or important relationship to the claims for relief or

1 defenses being pleaded"; and "impertinent matter consists of statements that do not pertain, and
2 are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F2d 1524, 1527 (9th
3 Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

Here, since the Court is granting Defendants' motion to dismiss the first amended complaint, the motion to strike is denied as moot.

### D. Plaintiff's Motion for Court to Impeach Defense Counsel

Plaintiff's motion to impeach is improperly raised in the opposition to the motion for summary judgment and motion to strike. Further, the Court finds no merit to Plaintiff's motion. Plaintiff complains of counsel's actions in prior cases. However, even accepting the allegations as true, the conduct did not occur in this case and is not properly raised herein.

Further, Plaintiff alleges that counsel has not reached out to him in an attempt to settle this matter. As discussed above Rule 12(b)(6) allows a defendant to file a motion to dismiss a complaint for failure to state a claim. While Plaintiff argues that Defendants' facts are unsupported by any affidavits, this motion is not brought to address the merits of the action, but has been brought seeking a ruling that Plaintiff has failed to state a claim in the action. Filing a motion to dismiss in response to a complaint is specifically authorized by the Federal Rules of Civil Procedure and there is no merit to Plaintiff's contention that defense counsel has engaged in misconduct.

Plaintiff's motion for the Court to impeach defense counsel is denied.

### E. Leave to Amend

Defendants request that no further leave to amend be granted as the Court has previously provided Plaintiff with "a virtual roadmap of what was required to state a claim." (ECF No. 17-1 at 7.) Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend.

Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In this instance, Plaintiff has been previously provided with the standards that apply to his claims in this action and provided with the opportunity to amend his complaint to correct the deficiencies that were noted. Plaintiff's allegations in the original and first amended complaint are substantially identical. Further, upon review of the original, first amended complaint, and declaration in support of declaratory relief, the Court finds that there are no facts that Plaintiff can allege that would state a claim in this matter and further amendment would be futile. Accordingly, Plaintiff's first amended complaint is dismissed without leave to amend.

## V.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss the first amended complaint is GRANTED;
2. Defendants' motion to strike is DENIED as moot;
3. The first amended complaint is DISMISSED WITHOUT LEAVE TO AMEND; and
4. The Clerk of the Court is DIRECTED to close this matter.

IT IS SO ORDERED.

Dated: **April 25, 2019**

UNITED STATES MAGISTRATE JUDGE