# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN LOLLIS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01580-SAB<br><br>ORDER RE OBJECTION TO JUDGMENT AND REQUEST FOR LEAVE TO FILE APPEAL<br><br>(ECF No. 24) |

John Duran ("Plaintiff") filed this action against John Lollis and the City of Porterville ("Defendants") alleging he has been deprived of his right to vote. On April 26, 2019, an order issued granting Defendants' motion to dismiss and denying Defendants' motion to strike, dismissing Plaintiff's first amended complaint without leave to amend, denying Plaintiff's motion to impeach defense counsel, and directing the Clerk of the Court to close this matter. (ECF No. 22.)

On May 9, 2019, Plaintiff filed a motion objecting to the Court's judgment and a request for leave of the Court to file an appeal. (ECF No. 24.) Plaintiff's motion seeks a more precise explanation of whether the Court considered 1) Plaintiff's request to appear at the motion hearing; 2) although the Court found that Plaintiff's response was untimely it was not returned by the Clerk of the Court; 3) Plaintiff submitted evidence that there were 3,904 registered voters and the local paper only has 700 subscribers; and 4) contends that although the Court found that

his claims of conspiracy were "moot" he was entitled to a decision as to whether Defendants were engaged in a criminal act.

### A. Vacating May 1, 2019 Hearing

First, as set forth in the April 22, 2019 order vacating the hearing on the motion, Plaintiff did not file a timely opposition to Defendants' motions.

> Pursuant to the Local Rules of the Eastern District of California, Plaintiff's opposition to the motion to dismiss was due on April 17, 2019. L.R. 230(c). Plaintiff did not file a timely opposition to the motion. The Local Rule provides that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument. L.R. 230(c). Due to Plaintiff's failure to file an opposition to the motion to dismiss and motion to strike, the matters are taken under submission and shall be decided on the papers.

(ECF No. 20 at 1.)

Pursuant to the Local Rules, Plaintiff's opposition to the motions were due on April 17, 2019. (L.R. 230(c).) Plaintiff's opposition was signed on April 18, 2019, and was filed on April 22, 2019. (ECF No. 21.) As Plaintiff did not file a timely opposition, he was not entitled to be heard on the motions. The Court found that Defendants had adequately addressed the issues to be decided in the motion so no hearing was necessary.

Further, the Clerk of the Court does not determine whether a filing is timely. The Clerk of the Court files those documents that are submitted for filing. It is for the Court to consider the timeliness of the filing and the substance of the document.

### B. Number of Registered Voters

The number of registered voters or subscribers to the paper is irrelevant to the issues to be decided in the motion. As set forth in the April 26, 2019 order,

> To the extent that Plaintiff seeks to allege a procedural due process claim by his allegations that the City failed to "fully notice" all registered voters, he has failed to state a claim. Section 10229(a)(3) [of the California Election Code] provides that "[t]he city elections official shall publish a notice of the facts described in this section and the courses of action available under this subdivision. Publication shall be made pursuant to Section 6061 of the Government Code in any newspaper of general circulation as designated by the city elections official." Here, Plaintiff's complaint demonstrates that the City informed the voters by the public notice in the newspaper that a hearing would be held during which the council would be deciding whether to make an appointment or to hold an election due to only one individual having filed a declaration of candidacy. (ECF No. 16 at 7.) The City complied with the process due by section 10229(a)(3)).

The Election Code requires that the public notice be "in any newspaper of general circulation" without any requirement of the number of subscribers to the publication. As demonstrated by the complaint itself, Defendants provided Plaintiff with the required procedural due process to appoint the council member.

**C.    Conspiracy Claim**

Plaintiff requests an explanation as to whether the defendants were engaged in a criminal conspiracy. As set forth in the April 26, 2019 order,

> To state a conspiracy claim under section 1983, a plaintiff must plead "(1) the existence of an express or implied agreement among the [defendants] to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010) (quoting Avalos v. Baca, 517 F.Supp.2d 1156, 1169 (C.D. Cal. 2007), and Ting v. United States, 927 F.2d 1504, 1512 (9th Cir.1991)). Further to prove a conspiracy claim the facts must show a meeting of the minds to violate to violate the plaintiff's constitutional rights. Miller v. California, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004); Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1301 (9th Cir. 1999); Woodrum v. Woodward Cty., Okl., 866 F.2d 1121, 1126 (9th Cir. 1989). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).
>
> Here, as discussed above, Plaintiff has failed to allege facts to show an actual deprivation of his federal or constitutional rights. Mere proof a conspiracy is insufficient to establish a conspiracy claim under section 1983. Avalos, 596 F.3d at 592 (citing Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir.1980)). Plaintiff's failure to state a claim for violation of his federal rights eviscerates his conspiracy claim under section 1983. Cassettari v. Nevada Cty., Cal., 824 F.2d 735, 739 (9th Cir. 1987). Plaintiff cannot state a conspiracy claim based upon the deprivation of his right to vote.

(ECF No. 22 at 12.)

Further, Plaintiff's allegations that the defendants engaged in criminal conduct are not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the Court considers whether Plaintiff has stated factual allegations in the complaint, which are taken as true, plausibly suggest an entitlement to relief. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff's conclusory allegations of criminal conduct are not sufficient to state a cognizable claim. (ECF No. 22 at 7-8.)

///

### D. Request for Leave of the Court to File an Appeal

Finally, Plaintiff seeks leave of the Court to file an appeal. Pursuant to the Rules of Appellate Procedure, the notice of appeal must be filed within thirty days after the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Since the judgment in this action resolved all claims, Plaintiff does not need leave to file an appeal but may file an appeal if filed timely. Accordingly, Plaintiff's request for leave to appeal is denied.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for leave to file an appeal is DENIED as unnecessary.

IT IS SO ORDERED.

Dated: **May 19, 2019**

UNITED STATES MAGISTRATE JUDGE